# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Shana McDade,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Equifax Information Services, LLC,<br>a Georgia limited liability company, and<br>Navient Corporation,<br>a foreign corporation,<br><br>　　　　Defendant. | Case No.:<br><br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, SHANA MCDADE, BY AND THROUGH COUNSEL, Matthew Landreau, Esq., and for her Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## **VENUE**

3. The transactions and occurrences which give rise to this action occurred in the City of Atlanta, Fulton County, Georgia.

4. Venue is proper in the Northern District of Georgia, Atlanta Division.

## PARTIES

5. Plaintiff is a natural person residing in the City of Atlanta, Fulton County, Georgia.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") which is a Georgia limited liability company that conducts business in the State of Georgia; and

    b. Navient Corporation ("Navient") which is a foreign corporation that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

7. Navient is inaccurately reporting its tradeline ("Errant Tradeline") with an erroneous scheduled monthly payment of $50.00 on Plaintiff's Equifax credit disclosure.

8. The account reflected by the Errant Tradeline is closed with $0.00 balance. Plaintiff no longer has an obligation nor the right to make monthly payments to Navient such as to bring the account current.

9. The Errant Tradeline should be reported by Navient with a monthly payment of $0.00. Per credit reporting industry standard and the Credit Reporting Resource Guide, which is the credit reporting manual created by the three major credit bureaus, no furnisher may report a monthly payment on a closed account.

10. On April 14, 2020, Plaintiff obtained her Equifax credit disclosure and noticed the Errant Tradeline inaccurately reporting with an erroneous monthly payment amount.

11. On or about June 1, 2020, Plaintiff submitted a letter to Equifax, disputing the Errant Tradeline.

12. In her dispute letter, Plaintiff explained that the account reflected by the Errant Tradeline was closed. Plaintiff no longer has an obligation to make monthly payments to Navient. Accordingly, Plaintiff asked Equifax to report the Errant Tradeline with the monthly payment amount of $0.00.

13. Equifax forwarded Plaintiff's consumer dispute to Navient.

14. Navient received Plaintiff's consumer dispute from Equifax.

15. Navient and Equifax did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

17. Plaintiff had not received Equifax's investigation results. Therefore, on July 14, 2020, Plaintiff obtained her Equifax credit disclosure, which showed that

Equifax and Navient failed or refused to report the scheduled monthly payment as $0.00 on the Errant Tradeline.

18. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVIENT**

19. Plaintiff realleges the above paragraphs as if recited verbatim.

20. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous monthly payment, Navient negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

21. Navient negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b).  Specifically, it failed to direct Equifax to report the Errant Tradeline with an account status as closed.

22. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

23. As a direct and proximate cause of Navient's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

24. Navient is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

25. Plaintiff has a private right of action to assert claims against Navient arising under 15 U.S.C. § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Navient for damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVIENT

26. Plaintiff realleges Paragraphs 6-16 as if recited verbatim.

27. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Navient willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

28. Navient willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. § 1681s-2(b).

29. As a direct and proximate cause of Navient's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

30. Navient is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Navient for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

31. Plaintiff realleges Paragraphs 6-16 as if recited verbatim.

32. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

33. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

34. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

35. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

36. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

37. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

38. Plaintiff realleges Paragraphs 6-16 as if recited verbatim.

39. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

40. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

41. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

42. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

43. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

44. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: August 25, 2020

By: */s/ Matthew Landreau*
Matthew Landreau
Bar Number 301329
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: matt@crlam.com
*Attorneys for Plaintiff,*
*Shana McDade*